IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDRE OSHAWN FARRIER, #195218,   )
   )
     Plaintiff,   )
   )
   )     CASE NO. 1:14-CV-56-TMH
   )        [WO]
   )
CHRISTOPHER GORDY, et al.,   )
   )
     Defendants.   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Andre Oshawn Farrier ["Farrier"], a state inmate, on January 24, 2014. In this complaint, Farrier alleges that his current incarceration pursuant to sentences imposed upon him in May of 2013 by the Circuit Court of Houston County, Alabama for receiving stolen property and possession of a controlled substance is unconstitutional.[1] Specifically, Farrier argues that his imprisonment in the custody of the Alabama Department of Corrections and the duration of his sentence of imprisonment are improper because they are the result of a breach of his plea agreement. *Brief in Support of Complaint - Doc. No. 1* at 6.[2] Farrier names Christopher Gordy, the warden of Ventress

---

[1] The convictions were imposed upon Farrier pursuant to a guilty plea entered on April 4, 2013. The sentence challenged by Farrier occurred upon revocation of the initial sentence imposed by the trial court immediately after entry of the guilty plea.

[2] It is likewise clear to the court that the plaintiff's claims go to the constitutionality of his guilty plea(s) as the claims presented herein contest the knowing nature of the plea, i.e., that the plaintiff entered the plea based solely on the terms of the plea agreement which provided that he would receive only a limited amount of incarcerated time, this time would occur during his participation in the Houston County Community Corrections Work Release Program, and the remaining portion of the sentence would be suspended.

Correctional Facility; the State of Alabama; Kevin Moulton, a Circuit Judge for Houston County; Doug Valeska, the District Attorney of Houston County; Tony Webber, Director of the Houston County Community Corrections Program; and Luther Strange, the Attorney General of Alabama, as defendants in this cause of action. Farrier seeks reversal of his sentence, his immediate release from state prison to community confinement, and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## II. RELEVANT FACTS

Farrier suffers from debilitating "heart conditions" for which he has undergone "multiple operations[.]" *Brief in Support of Complaint - Doc. No. 1* at 6. Due to his heart conditions, the United States Social Security Disability Administration has "declar[ed] him disabled." *Id.*

Houston County law enforcement officials arrested Farrier in 2011 for receiving stolen property and possession of a controlled substance. *Id.* Thereafter, the parties negotiated a plea agreement whereby Farrier would enter guilty pleas to the charged offenses and "would in turn be sentenced to 20 years suspended to serve out his sentence within the Houston County Community Corrections Work Release Program." *Id.* On April 4, 2013, Farrier entered guilty

---

[3] Except for requiring payment of an initial partial filing fee as directed by 28 U.S.C. § 1915(b)(1)(A), the court granted Farrier leave to proceed *in forma pauperis* in this cause of action. *Order of February 19, 2014 - Doc. No. 5* at 3. The complaint is therefore subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which require that despite payment of any portion of the filing fee the court may dismiss a prisoner's claims prior to service of process if the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

pleas to receiving stolen property and possession of a controlled substance. Judge Edward Jackson accepted Farrier's guilty pleas and sentenced Farrier in accordance with the terms of the plea agreement, i.e., Farrier "to serve out the required program term and by successful completion of the 'the work release program' suspend the remaining term to probation." *Id*. at 6-7.

On April 9, 2013, Farrier received a letter from "the Community Corrections Office/Director Tony Webber stating that [Farrier] was a  health risk and because of such heart disabilities he could not participate in the Program." *Id*. at 7.  Subsequently, Farrier appeared before Judge Kevin Moulton and was advised that because the Houston County Community Corrections Program would not accept him due to the risks associated with his heart conditions the judge "was going to see if he could get [Farrier] into the Houston Co. Drug Program in Dothan." *Id*.  In May, Farrier returned to court, at which time Judge Moulton advised Farrier "he was going to revoke the Community Punishment and Corrections provision of his plea agreement and send [Farrier] to [the] custody of the ALDOC to serve out his sentence...." *Id*. at 7-8.  At this time, Farrier stated he wanted to appeal his convictions and sentence "since this wasn't what he pled out to and he didn't violate any conditions to be revoked." *Id*. at 8.  Judge Moulton denied this request and trial counsel did not object to the actions of the trial court nor did he file any post-judgment motion challenging the sentence or seeking to withdraw the guilty plea as requested by Farrier.  *Id*.

### III.  DISCUSSION

### A.  The State of Alabama

The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the State of Alabama are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4] Consequently, the claims presented by Farrier against the State of Alabama are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Claims Against Judge Kevin Moulton

Farrier asserts that Judge Moulton violated his constitutional rights with respect to the sentence imposed upon him in May of 2013 for his convictions of receiving stolen property and possession of a controlled substance. Farrier maintains that Judge Moulton improperly revoked the sentence initially imposed by the court which allowed Farrier to serve the confinement portion of his sentence in the Houston County Community Corrections Program with the remainder of his sentence being suspended. *Brief in Support of Complaint - Doc. No. 1* at 7-11. Farrier further argues that he sought leave to appeal his convictions because this sentence violated the terms of the plea agreement but Judge Moulton denied him the right to appeal. *Id.* at 8. Farrier alleges that the actions of the trial court in revoking his initial sentence deprived him of due process and equal protection and violated the Americans with Disabilities Act

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

["ADA"].

1. <u>The Request for Monetary Damages</u>.  All of the allegations made by Farrier against Judge Moulton emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, the plaintiff's claims for monetary damages against Judge Moulton are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

2. <u>Request for Declaratory/Injunctive Relief from State Court Action</u>. The sentence imposed by Judge Moulton in May of 2013 and the underlying convictions became final by operation of law forty-two (42) days after imposition of the sentence, as this is the date on which Farrier's time to seek direct review expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  Consequently, the convictions and resulting sentence made the basis of the instant complaint became final in June of 2013.

To the extent that Farrier seeks declaratory and/or injunctive relief from the sentencing order issued by the Circuit Court of Houston County in May of 2013, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman*

---

[5]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Farrier from proceeding before this court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

   In light of the foregoing, the court concludes that summary dismissal of any requests seeking relief from the sentencing order issued by Judge Moulton in Farrier's criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

6

### C.  District Attorney Valeska and Attorney General Strange

Farrier lists District Attorney Doug Valeska and Attorney General Luther Strange as defendants. It is clear he seeks to challenge actions undertaken by the prosecution during proceedings which culminated with the trial court's revoking his community corrections sentence and imposing a sentence of imprisonment upon him.  The claims lodged against these defendants provide no basis for relief.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages....  [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case."  *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

7

Any actions of defendants Valeska and Strange relevant to the instant complaint relate to roles each of these defendants undertake "as an 'advocate' for the state" in proceedings associated with criminal charges presented against the plaintiff. *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendants Valeska and Strange are therefore "entitled to absolute immunity for that conduct." *Id.* Thus, Farrier's request for monetary damages against these defendants is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(iii). *See Neitzke*, 490 U.S. at 327. As previously determined, Farrier is entitled to neither declaratory or injunctive relief in this section 1983 action regarding the actions of the trial court in imposing sentence.

### D. The Challenges to Criminal Convictions and Resulting State Incarceration

Farrier challenges the constitutionality of his confinement pursuant to the sentence imposed upon him by the Circuit Court of Houston County in May of 2013 for convictions of receiving stolen property and possession of a controlled substance. Some of the claims set forth by Farrier, by their very nature, arise under 42 U.S.C. § 1983. All of the claims presented to this court, however, allege violations of Farrier's constitutional rights and federal laws which go to the fundamental legality of his guilty pleas and resulting incarceration and, therefore. presently provide no basis for relief in this cause of action.[6] *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500

---

[6] This includes Farrier's equal protection and ADA claims against Director Tony Webber alleging Webber improperly denied him placement in the Community Corrections Work Release Program due to his heart conditions because granting relief on these claims would necessarily imply the invalidity of the trial court's revocation of the initial sentence and its imposition of the current sentence.

(1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487; *Balisok*, 520 U.S. at 646-648.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the conviction's [or sentence's] having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his incarceration.  *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the constitutionality of his confinement] ... may not do that in a civil suit, other than a suit under the habeas corpus statute.").  The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus."  *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75

F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge.").  In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

The claims presented by Farrier question the constitutionality of his guilty plea and challenge both the nature and duration of the sentence imposed upon him by the Circuit Court of Houston County in May of 2013. A judgment in favor of Farrier on the claims presented herein would undermine the validity of his convictions and sentence. It is clear from the complaint that the convictions and sentence about which Farrier complains have not been invalidated in an appropriate state or federal civil action.  *Heck* and its progeny therefore bar Farrier's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on the constitutionality of his current confinement on the sentence imposed by a state court.  *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  "Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*, 512 U.S. at 489.  Consequently, the instant collateral attack on the convictions and sentence is prohibited and subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The claims presented by Farrier against the State of Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The  plaintiff's claims against Judge Kevin Moulton be dismissed with prejudice in accordance the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

3.  The  plaintiff's request for monetary damages against Doug Valeska and Luther Strange be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

4.  The plaintiff's challenges to the constitutionality of his convictions and the resulting sentence on which he is presently incarcerated, including his claims against Tony Webber, be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not properly before the court at this time.

5.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before April 14, 2014, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking

on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE